*345 SRINIYASAN, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that the relator’s present action is “related” to his prior action for purposes of the False Claims Act’s first-to-fíle bar, 31 U.S.C. § 3730(b)(5). I also agree that the terms of the first-to-file bar encompass situations in which the same relator files a later, related complaint rather than amending his initial one. I therefore concur in the court’s decision that the complaint in this case must be dismissed under the first-to-file bar.
I respectfully disagree with the majority, however, on whether the first-to-file bar persists even after the initial action concludes. The other courts of appeals to consider the question have determined— correctly, in my view — that the bar operates only while the first action remains “pending.” Id. The terms of the statute require that conclusion. Because here, the first action is no longer “pending,” the first-to-file bar should pose no continuing obstacle to the filing of a subsequent action. The proper disposition thus should be to dismiss the complaint without prejudice rather than with prejudice.
I.
I initially note a jurisdictional issue that the parties do not discuss or raise: whether the first-to-file bar goes to the courts’ subject-matter jurisdiction. See Sebelius v. Auburn Reg’l Med. Ctr., — U.S.—, 133 S.Ct. 817, 824, 184 L.Ed.2d 627 (2011) (setting forth framework “for determining whether to classify a statutory limitation as jurisdictional”). The district court dismissed the action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, and the majority now affirms that disposition. The court’s affirmance, however, should not be understood as a holding that the first-to-file bar is a jurisdictional limitation. This court can affirm a dismissal even if it was mistakenly granted under Rule 12(b)(1) for lack of jurisdiction instead of under Rule 12(b)(6) for failure to state a claim on the merits. See Morrison v. Nat’l Austl. Bank Ltd., 561 U.S. 247, 130 S.Ct. 2869, 2876-77, 177 L.Ed.2d 535 (2010); Sierra Club v. Jackson, 648 F.3d 848, 854 (D.C.Cir.2011). Today’s affirmance of the district court’s dismissal for lack of jurisdiction thus establishes no circuit precedent on whether the first-to-file bar in fact is jurisdictional. Cf. United States ex rel. Batiste v. SLM Corp., 659 F.3d 1204, 1205-06 (D.C.Cir.2011) (affirming Rule 12(b)(1) dismissal under first-to-file bar).
This case does not require a definitive resolution of the jurisdictional or nonjuris-dictional character of the first-to-file bar. It might appear at first blush that we do need to resolve the issue for reasons having to do with the relationship between the False Claims Act’s first-to-file and public-disclosure bars. At the time of the complaint, the public-disclosure bar expressly sounded in jurisdictional terms. See 31 U.S.C. § 3730(e)(4)(A) (2006); Rockwell Int’l Corp. v. United States, 549 U.S. 457, 467-70, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007). While the provision has since been amended to remove its express jurisdictional language, see United States ex rel. May v. Purdue Pharma L.P., 737 F.3d 908, 916-17 (4th Cir.2013) (holding that 2010 amendments to public-disclosure bar now render the provision nonjurisdictional), the version of the public-disclosure bar in effect at the time of the complaint presumably governs. See Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson, 559 U.S. 280, 130 S.Ct. 1396, 1400 n. 1, 176 L.Ed.2d 225 (2010). It might then seem that the court would need to resolve the jurisdictional status of the first-to-file bar at the thresh *346 old: if the first-to-file bar is a nonjurisdic-tional limitation, perhaps the court would need to confirm its jurisdiction under the public-disclosure bar before considering the applicability of the first-to-file bar. See generally Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (court must assure itself of its jurisdiction before addressing the merits). This court, though, has held that the requirement to confirm jurisdiction at the outset controls “only when the existence of Article III jurisdiction is in doubt,” such that the court may leave an issue of statutory — as opposed to Article III — jurisdiction undecided while proceeding to consider a nonjurisdictional ground. Chalabi v. Hashemite Kingdom of Jordan, 543 F.3d 725, 728 (D.C.Cir. 2008) (emphasis in original). The pertinent version of the public-disclosure bar at most established a statutory jurisdictional limitation, not an Article III limitation. There is thus no requirement to decide whether the first-to-fíle bar is jurisdictional before examining that provision’s applicability. For present purposes, it suffices to note that today’s decision leaves the provision’s jurisdictional or nonjurisdic-tional status unresolved.
II.
Until now, the courts of appeals to address the question have uniformly concluded that the first-to-file bar applies only while the first-filed action remains pending. The Fourth Circuit has held as much, see United States ex rel. Carter v. Halliburton Co., 710 F.3d 171, 183 (4th Cir. 2013) (“[Ojnce a case is no longer pending the first-to-file bar does not stop a relator from filing a related case.”), petition for cert, filed, 82 U.S.L.W. 3010-11 (U.S. June 24, 2013) (No. 12-1497), and I read the Seventh Circuit to have held the same, see United States ex rel. Chovanec v. Apria Healthcare Grp., Inc., 606 F.3d 361, 365 (7th Cir.2010) (“As we explained ..., § 3730(b)(5) applies only while the initial complaint is ‘pending.’ ”). While the majority characterizes the Seventh Circuit’s discussion of the issue as “more dicta than holding,” ante, at 344, that court’s determination that the first-to-file bar applies only to pending actions was necessary to its decision to vacate the district court’s dismissal with prejudice and remand for entry of a dismissal without prejudice. See id.; see also Carter, 710 F.3d at 183 (relying on Seventh Circuit’s decision in Chova-nec). Regardless, the majority’s reading of the first-to-file bar creates a circuit conflict, and it also diverges from the carefully considered dictum of another circuit. See In re Natural Gas Royalties Qui Tam Litig., 566 F.3d 956, 964 (10th Cir.2009) (substantially relying on the “fact that § 3730(b)(5) applies only when another qui tam action is ‘pending,’ ” and reiterating that Congress “limited it to ‘pending’ actions,” such that “if th[e] prior claim is no longer pending, the first-to-file bar no longer applies”); see also United States ex rel. Lujan v. Hughes Aircraft Co., 243 F.3d 1181, 1188 (9th Cir.2001) (holding that first-to-file bar prohibits action because it was filed while initial action remained pending, and assuming that first-to-file bar would not have applied if initial action was no longer pending).
Respectfully, I believe the understanding of the first-to-file bar espoused by the other courts of appeals is correct. The terms of the provision, together with the statutory context and purposes, point to the same conclusion: the first-to-file bar effects no permanent prohibition against the bringing of a subsequent action, but instead ceases to apply once the initial action is no longer pending.
A.
The first-to-file bar states: “When a person brings an action under this subsec *347 tion, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action.” 81 U.S.C. § 3730(b)(5) (emphasis added). The provision by its terms bars the bringing of an action that bears the requisite factual relationship to a “pending” action, i.e., an action that “[r]emain[s] undecided.” Black’s Law Dictionary 1248 (9th ed.2009); see Black’s Law Dictionary 1021 (5th ed.1979) (defining “pending” as “[b]egun, but not yet completed”). Once the initial action is no longer “pending,” the provision poses no bar to “bring[ing] a related action.” That is precisely how the Fourth, Seventh, and Tenth Circuits read the statute. Carter, 710 F.3d at 183; Chovanec, 606 F.3d at 365; Natural Gas Royalties, 566 F.3d at 964.
The majority departs from that straightforward understanding of the statutory text. According to the majority, even though the first-to-file bar speaks in terms of a “pending” action, the provision bars the bringing of a related action regardless of whether the first action remains “pending.” The bar then operates in perpetuity. The majority reasons that the words “pending action” serve as “shorthand for ‘first-filed action,’ ” and that the “simplest reading of ‘pending’ is the referential one; it serves to identify which action bars the other.” Ante, at 343. But there is no great mystery about “which action bars the other.” The phrase “no person ... may ... bring a related action” already makes clear that the first-filed action bars the subsequent, “related action,” not the other way around. What is unclear is the duration of that bar. The word “pending” answers that question: the bar operates while the first-filed action remains “pending.” It does not operate thereafter.
Because the statute, without the word “pending,” already makes plain “which action bars the other,” ante, at 343, the word “pending” does little work under the majority’s interpretation. See TRW Inc. v. Andrews, 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (“It is a cardinal principle of statutory construction that ..., if it can be prevented, no ... word shall be superfluous, void, or insignificant.” (internal quotation marks omitted)). It therefore is of little help to the majority to reconceive of the statute as if it contained the words “thence forth.” Ante, at 343. Congress did not include those words; but even if it had, the word “pending” would still be superfluous. Indeed, not only does “pending” perform no function under the majority’s interpretation, but removing “pending” would make the majority’s interpretation more — not less — acceptable. The provision would then say: “When a person brings an action under this subsection, no person ... may ... bring a related action based on the facts underlying the [ ] action.” That language speaks more in the nature of a permanent bar than does the enacted text.
Nor does it significantly advance the majority’s interpretation to observe that Congress could have used the phrase, “while the first action remains pending.” Ante, at 343 (emphasis omitted). The words Congress used — “pending action”— are essentially another way of saying that an “action remains pending.” The majority also points to other statutes it believes more clearly bar an action only during the pendency of a prior action. Ante, at 344. The sole evident difference in language between the cited provisions and the first-to-file bar is that the former use the locution, “has pending,” 28 U.S.C. § 1500; 42 U.S.C. § 300aa-ll(a)(5)(B), while the latter says, “pending.” The comparison is of limited utility because the referenced statutes substantially differ in structure from the first-to-file bar: “has pending” could not be substituted for “pending” in the first-to-file bar without significantly re *348 writing the statute, so it is difficult to draw meaningful guidance from the fact that “Congress excluded similar language in the first-to-file bar.” Ante, at 344. Insofar as the majority means to suggest that Congress could have gone further than a simple substitution and instead restructured the provision, one can often imagine an alternative provision that might have made an already clear intention even more clear. At any rate, Congress could have (and presumably would have) simply substituted a different word — without any need for restructuring — had it in fact intended to codify the majority’s interpretation that “pending action” is “shorthand for ‘first-filed action.’ ” Ante, at 343; see, e.g., 25 U.S.C. § 1300d-27(b)(2) (“After the filing of a first action ..., all other actions ... shall be consolidated with that first action.” (emphasis added)). Congress did not do so.
Construing the first-to-file bar to operate only while the first-filed action remains “pending,” moreover, is in keeping with the provision’s bar against intervention. The first-to-file bar states not only that no party may “bring” an action “related” to the “pending action,” but also that no party may “intervene” in the existing action. 31 U.S.C. § 3730(b)(5). The prospect of intervention by nature could arise only while the initial action remains pending. By linking the prohibition against intervention with the prohibition against bringing a related action, Congress enacted a provision generally addressed to the effect of a pending action: while that action is ongoing, no party (other than the government) can intervene in it or bring a related action. Congress did not, however, speak to what happens after the initial action is no longer “pending.” Cf. 31 U.S.C. § 3730(e)(3) (barring actions during pen-dency of civil action or administrative proceeding brought by government and concerning same allegations or transactions).
B.
The purposes of the first-to-file bar, as well as its operation within the broader statutory context, reinforce that it applies only while the initial action remains “pending.” In fact, as explained below, the majority’s contrary understanding of the first-to-file bar cannot be squared with the intended operation of the False Claims Act’s public-disclosure bar.
A central object of the first-to-file bar is “to encourage whistleblowers to come forward with allegations of fraud.” Batiste, 659 F.3d at 1210. The provision “creates a race to the courthouse,” United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc., 149 F.3d 227, 234 (3d Cir. 1998) (internal quotation marks omitted), “encouraging whistleblowers to come forward by rewarding the first to do so,” Campbell v. Redding Med. Ctr., 421 F.3d 817, 824 (9th Cir.2005).
Barring the filing of a subsequent action furthers that objective while the initial action remains pending, but not thereafter. If multiple relators “could expect to share a recovery for the same conduct,” that would “decreas[e] their incentive to bring a qui tam action in the first place.” LaCorte, 149 F.3d at 234; see Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1279 (10th Cir.2004) (“[Ojriginal qui tam relators would be less likely to act on the government’s behalf if they had to share in their recovery with third parties who do no more than tack on additional factual allegations to the same essential claim.”). The first-to-file bar addresses that concern. The relator who wins the race to the courthouse need not be concerned about splitting her award with later-filing rela-tors because their actions would be barred if brought while her claim is pending. But the interest in “protecting the spoils of the *349 first to bring a claim,” Natural Gas Royalties, 566 F.3d at 961, ceases to operate when her claim is no longer pending. Any action filed after that point could not affect — or, more to the point, diminish — her recovery. See id. at 964 (“The ‘pending’ requirement much more effectively vindicates the goal of encouraging relators to file; it protects the potential award of a relator while his claim remains viable, but, when he drops his action another relator ... may pursue his own.”). That is precisely why the first-to-file bar may sensibly be “read to bar a related claim one day”— while the initial action is pending — “but not the next.” Ante, at 344.
The first-to-file bar, as the majority observes, ante, at 344, also implicates an additional concern of the False Claims Act: “prevent[ing] copycat actions that do not provide additional material information to the government.” Batiste, 659 F.3d at 1210. Contrary to the majority’s view, however, reading the first-to-file bar to apply only while the initial action remains pending would not “allow related qui tarn suits indefinitely.” Ante, at 344. To begin with, if a related action is dismissed when filed during the pendency of the initial action, “it often cannot be refiled — for, once the initial suit is resolved and a judgment entered (on the merits or by settlement), the doctrine of claim preclusion may block any later litigation.” Chovanec, 606 F.3d at 362. Although an individual relator initiates the action, the plaintiff in a qui tam action is the United States, and claim preclusion principles may preclude a subsequent suit involving the same transaction brought by any relator suing on the United States’s behalf. See id.
Additionally, to the extent a follow-on action sidesteps claim preclusion (for instance, if the initial action was dismissed without prejudice), the False Claims Act’s public-disclosure bar, 31 U.S.C. § 3730(e)(4), exists to weed out copycat actions. The provision of the Act with chief responsibility for that function is the public-disclosure bar, not the first-to-file bar. To be sure, the first-to-file “bar does eliminate opportunistic relators,” but “most of these relators would be eliminated by the public disclosure bar anyway.” Natural Gas Royalties, 566 F.3d at 963. The “true value” of the first-to-file bar thus “lies in protecting the recovery of the first relator who files.” Id.
The differing scope of the first-to-file and public-disclosure bars illuminates their relative roles in addressing copycat suits. The operation of the first-to-file bar is confined to situations in which the government gains notice of fraud through the filing of an initial action under the Act: without a first-filed action, there is no first-to-file bar. The public-disclosure bar sweeps far more expansively. It fully applies when the government gains notice through the filing of a prior action; but it also encompasses notice to the government through a broad array of additional means, including federal hearings, reports, and investigations of all types, as well as publication in the news media. 31 U.S.C. § 3730(e)(4)(A)(i)-(iii). Congress accordingly would have assumed that its objective of constraining copycat actions would find primary voice in the public-disclosure bar. There is thus no need to give the first-to-file bar an unduly broad reading to fend off “duplicative suits [that] contribute nothing to the government’s knowledge of fraud.” Ante, at 344. The public-disclosure bar exists to do exactly that.
The majority’s expansive interpretation of the first-to-file bar in fact would tend to undermine Congress’s careful calibration of the public-disclosure bar. While the latter bar generally prohibits a False Claims Act action if “substantially the *350 same allegations or transactions” have been “publicly disclosed,” 31 U.S.C. § 3730(e)(4)(A), Congress intentionally stopped short of pursuing that objective to the exclusion of all else. Congress established an exception to the public-disclosure bar for an action brought by an “original source,” generally an individual possessing independent knowledge of the subject matter. Id.; 31 U.S.C. § 3730(e)(4)(B). “Allowing an original source to bring an action even when the government should be on notice of the fraud serves the purposes of the [False Claims Act] by increasing valid enforcement actions.” Natural Gas Royalties, 566 F.3d at 963. The government might elect to forgo a valid claim for various reasons, including a lack of resources to pursue the claim or a lack of adequate evidence in its own possession. An action by an original source based on her own independent information would then afford a means by which the government could obtain some recovery. In that way, the “original source exception acknowledges that not every relator whose suit would be barred by the public disclosure bar is a parasite.” Id.
Under the majority’s interpretation of the first-to-fíle bar, however, an action that Congress specifically sought to allow under the original-source exception would nonetheless be disallowed under the first-to-file bar. Suppose, for instance, that an action filed by Relator A alerts the government to an actual and important instance of fraud but is dismissed for reasons having nothing to do with the merits; and suppose, further, that the government elects not to intervene due to a lack of resources. The original-source exception would permit a related action by Relator B, an original source with independent information about the fraud, notwithstanding the public-disclosure bar. But the majority nevertheless would read the first-to-file bar to prohibit Relator B’s action in perpetuity. There is no reason to think that Congress carefully and specifically opened the door to Relator B’s action via the original-source exception, only to slam the door shut via the first-to-file bar. By contrast, if the first-to-file bar is understood to apply only while the initial action is “pending,” Relator B could thereafter bring an original-source action, as Congress presumably intended she be free to do.
Congress, in recent amendments, scaled back the operation of the public-disclosure bar still further, again in a way that would be undercut by reading the first-to-file bar to apply in perpetuity. The public-disclosure bar now allows the government to veto any dismissal notwithstanding its notice of the fraud. See 31 U.S.C. § 3730(e)(4)(A) (“The court shall dismiss an action >or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed.... ” (emphasis added)). The first-to-file bar grants no such authority to the government. As a result, while Congress specifically enabled the government to choose to permit a follow-on action concerning “the same allegations or transactions” even though it may be on notice of the fraud, the majority would read the first-to-file bar to prohibit the very same follow-on action regardless of any desire by the government to allow it to proceed. But if the first-to-file bar instead ceases to apply once the first-filed action is no longer “pending,” the government thereafter could choose to allow a subsequent action, just as Congress intended. Interpreting the first-to-file bar to apply only while the initial action remains “pending,” in short, best harmonizes that provision with the remainder of the statute.
*351 In my view, the fírst-to-fíle bar operates while the first action is “pending,” but not thereafter. Here, the relator, rather than amending his complaint, brought a related, second action. Because his initial action was then pending, the complaint in this case must be dismissed. But because his initial action no longer remains pending, the dismissal should be without prejudice to his later filing a related complaint. Accord Chovanec, 606 F.3d at 365. Any later action might be subject to dismissal for reasons yet to be examined, including the public-disclosure bar. But the first-to-file bar should impose no ongoing prohibition against the filing of a subsequent complaint.